# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2022

Lyle W. Cayce
Clerk

No. 21-20473
Summary Calendar

Robert Green,

*Plaintiff—Appellant*,

*versus*

Alief Independent School District; H. D. Chambers,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2727

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

After Robert Green was fired, he sued his former employer, Alief Independent School District (Alief ISD), in Texas state court for unlawful retaliation. Alief ISD asserted governmental immunity and the state court dismissed the case with prejudice. Green then sued in federal court alleging

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20473

unlawful retaliation and race discrimination arising from his firing. The district court dismissed the case based on res judicata. We AFFIRM.

## I. BACKGROUND

Appellant Robert Green was a teacher in the Alief ISD from August 2014 until he was fired in December 2018. In May 2018, Green was accused of mishandling a student and Alief ISD investigated. Green was suspended with pay. During the investigation, Alief ISD discovered that Green had previously been fired, or his teaching contract "nonrenewed," from other school districts and Green had sued those school districts for race discrimination under Title VII. Those earlier lawsuits were settled. Green did not disclose that he had previously been fired or nonrenewed. Such a disclosure, however, is required on Alief ISD's employment application.

H.D. Chambers, the Superintendent, recommended that Green be fired for good cause based on the nondisclosure and Green's "failure to comply with directives." Green appealed the decision but was unsuccessful. He was fired on December 20, 2018.

Green sued Alief ISD in Texas state court. He brought one state law claim for unlawful retaliation arising from his firing. Alief ISD asserted governmental immunity and filed a plea to the jurisdiction. The state court granted the plea and dismissed Green's claims with prejudice "due to an incurable lack of subject matter jurisdiction."[1]

Green then filed the complaint in this case against Alief ISD and Chambers. He brings two claims pursuant to 42 U.S.C. §§ 1981, 1983 for race discrimination and unlawful retaliation. The claims arise from Alief ISD

---

[1] Green appealed the order but later filed a joint motion to withdraw the appeal, which was granted. *See Green v. Alief Indep. Sch. Dist.*, No. 01-20-00487-CV, 2020 WL 5415241, at *1 (Tex. App. Sept. 10, 2020).

firing Green in December 2018, and Chambers's involvement. The allegations mirror those of the complaint in Texas state court. Chambers is sued in his official capacity.

Alief ISD and Chambers moved to dismiss the complaint based on res judicata. The district court granted the motion and dismissed the case with prejudice. Green appeals.

## II. DISCUSSION

The district court properly dismissed Green's case because it is barred by res judicata. A dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *See Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 570 (5th Cir. 2021). Likewise, the preclusive effect of a prior judgment is a question of law we review de novo. *See Harmon v. Dallas County*, 927 F.3d 884, 890 (5th Cir. 2019), *as revised* (July 9, 2019).

The preclusive effect of a state court judgment is governed by state law. *See Sims v. City of Madisonville*, 894 F.3d 632, 644 (5th Cir. 2018) ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984))). Texas law provides preclusive effect to judgments when the following elements are met: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

The Texas state court judgment easily satisfies this test. But we need only discuss the first element because Green did not challenge the second and third elements before the district court. His arguments before this court on

these two elements are thus waived.[2] *See Nicholas v. KBR, Inc.*, 565 F.3d 904, 909 (5th Cir. 2009) ("Arguments not raised before the district court are waived and cannot be raised for the first time on appeal." (quoting *LeMaire v. Louisiana*, 480 F.3d 383, 387 (5th Cir. 2007))).

Returning to the first element, in Texas, "a dismissal based on governmental immunity constitutes a final judgment on the merits for purposes of res judicata." *Harmon*, 927 F.3d at 890 (citations omitted). Alief ISD asserted governmental immunity and the state court dismissed Green's claims with prejudice. The state court therefore entered a final judgment disposing of all claims on the merits.

Green argues that the state court was not a "court of competent jurisdiction" because it lacked subject matter jurisdiction. Green's argument is belied by the binding case law of this court and the Texas Supreme Court. *See, e.g.*, *Harmon*, 927 F.3d at 890; *Sims*, 894 F.3d at 644 ("[U]nder Texas law, a grant of a plea to the jurisdiction is a dismissal on the merits for purpose of res judicata."). In *Engelman Irrigation Dist. v. Shields Bros., Inc.*, the Texas Supreme Court stated explicitly that sovereign immunity does not implicate subject matter jurisdiction "for all purposes" or such that it "allows collateral attack on a final judgment." 514 S.W.3d 746, 751 (Tex. 2017). The Texas state court dismissing for governmental immunity therefore satisfies the first element.

We also find no abuse of discretion in the district court's denial of leave to amend. The district court discussed how Green had made a prior amendment and his failure to articulate what facts he would present to (1) avoid res judicata, and (2) overcome qualified immunity should he name

---

[2] This includes his argument that he be granted leave to amend to add members of the board of trustees to overcome the second element of res judicata.

No. 21-20473

Alief ISD officers in their individual capacities. Because Green merely made a blanket statement that he would plead facts to join the trustees to the lawsuit, it was not an abuse of discretion for the district court to deny leave to amend. *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002).

### III. CONCLUSION

In Texas, a dismissal based on governmental immunity is a final judgment on the merits for res judicata purposes. Because the Texas state court dismissed Green's retaliation claims against Alief ISD based on governmental immunity, his claims in federal court are barred by res judicata. We accordingly AFFIRM.